**SO ORDERED.**

**SIGNED this 23rd day of July, 2014.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

_____

Designated for on-line use but not print publication
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| In re: <br><br> **STUART AULD,** <br><br>                   **DEBTOR.** | **CASE NO. 14-20424** <br> **CHAPTER 11** |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEBTOR'S MOTION TO RECONSIDER**

On June 11, 2014, the Memorandum Opinion and Order Following Trial on Motion for Dismissal and for Relief from Stay, Ordering Additional Briefing on Dismissal, and Granting Relief from Stay (Memorandum)[1] was entered. The Judgment Granting Motion for Relief from Stay was entered on the same date.[2] On June 23, 2014,

---

[1] Doc. 90.

[2] Doc. 91. That judgment incorporated the finding in the Memorandum that the 14 day stay of Bankruptcy Rule 4001(a)(3) was not appropriate. On June 16, 2014, an amended judgment was entered which expressly states that the 14 day stay does not apply. Doc. 95.

Debtor filed his Motion to Reconsider, Set Aside or Vacate Order of Relief from Automatic Stay and Claims of Bad Faith Filing/Order of Dismissal (Debtor's Motion).[3] John W. Auld, Jr., as Trustee of the John William Auld, Sr. Revocable Trust Agreement dated November 30, 2007 (Auld, Sr. Trust) filed an objection.[4] Sun West Mortgage Company, Inc. (Sun West); Sheila D. Verduzco (Verduzco); Summers Law Firm, LC (Summers Law Firm); Charles Hammond (Hammond); and Charles Hammond Law Firm (Hammond Law Firm) filed a separate objection.[5] (The objecting parties are collectively referred to as Movants.)

Argument on Debtor's Motion was heard on July 18, 2014. Debtor appeared *pro se*, and Movants appeared by their counsel. The matter was placed under advisement. The Court is now ready to rule and, for the reasons stated below, denies the Debtor's Motion.

**A. The Debtor's Motion.**

Debtor's Motion is filed under Bankruptcy Rule 9024, Relief from Judgment or Order. That rule provides that Federal Rule of Civil Procedure 60 applies to most cases under the Code. Subsection (b) enumerates the grounds for relief from a final judgment, such as the judgment granting relief from stay in this case. Those grounds include: (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) certain newly discovered

---

[3] Doc. 98.

[4] Doc. 109.

[5] Doc. 110.

evidence; (3) fraud, misrepresentation, or misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied; and (6) "any other reason that justifies relief." "'[R]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances.'"[6] "Rule 60(b) relief is not available to allow a party merely to reargue issues previously addressed to the court."[7]

The Court has carefully reviewed Debtor's Motion and finds no basis for the relief requested. The 35 pages of disorganized arguments do not directly address the grounds for relief permitted under Rule 60(b). Rather, Debtor reargues matters submitted to the Court when opposing the Movants' motion for relief from stay and dismissal. When asked by the Court at oral argument to identify new matters submitted as the grounds for rehearing, Debtor could identify none. Likewise, when asked to identify the specific grounds of Rule 60(b) which are applicable, Debtor could not do so.

Nevertheless, the Court has considered all of Debtor's arguments stated in his motion. This opinion will not be prolonged by response to each and every one. Rather, the Court will specifically address only those arguments which the Court ascertains to be central to Debtor's request.

**B. Movants do not lack standing to seek stay relief and dismissal, and this Court has jurisdiction to rule on Movants' motions.**

---

[6] *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1153 (10th Cir. 2007) (quoting *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006)). *See also Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (same).

[7] *Allender*, 439 F.3d at 1242.

3

Debtor's primary arguments, Movants' lack of standing to seek relief from stay, fraud on the state court, and lack of jurisdiction of this Court, and are predicated on the position that the Nancy Auld Trust, not the Auld, Sr. Trust, is the owner of the Property where Debtor resides. Assuming this to be true, Debtor filed this bankruptcy case to retain possession of the Property and preclude the conclusion of the state court action to foreclose Sun West's mortgage on the Property and the entry of an order evicting Debtor from the Property. But the state court has rejected Debtor's position as to ownership, and, as found in the Memorandum, the *Rooker-Feldman* Doctrine precludes this Court from entertaining Debtor's complaint that the finding as to ownership was in error. Based upon the state court findings, the Auld, Sr. Trust,[8] as owner of the property, and Sun West as the holder of a mortgage on the Property, have standing to seek relief from stay to continue the state court litigation in which they are parties and to move for dismissal of this case.

As stated in the Memorandum, Debtor's contention of fraud infecting the state court rulings has been considered and rejected.[9] Even if true, it would provide no basis for Rule 60(b) relief.

This Court has jurisdiction to consider whether the stay should bar continuation of the litigation over Debtor's claim to right to possession of the Property. The motion for

---

[8] This Court did not err when finding that the Auld, Sr. Trust is a party to the consolidated Johnson County District Court proceedings. *See e.g.*, Auld, Sr. Trust exh. nos. 3 and 6.

[9] Doc. 90, 24-26,

4

relief from stay and motions to dismiss are core proceedings under 28 U.S.C. § 157 (a)(2)(G) and (A), which this Court may hear and decide.

### C. Debtor's request for jury trial and an article III judge are denied.

At several places in Debtor's Motion there is a demand for jury trial and removal of this case to an Article III court. A motion for reconsideration is not the proper method for raising these matters. Further, a Debtor has no right to jury trial when defending motions for relief from stay and dismissal.[10] To the extent Debtor is requesting withdrawal of reference, none of the grounds for withdrawal of reference stated in D. Kan. Rule 83.8.6 are alleged and, assuming there are grounds for withdrawal, the request was not made within the time stated in the foregoing rule.

### D. Debtor's Motion to Strike (doc. 86) and Debtor's Motion in Limine (doc. 77) are Addressed by Separate Orders.

Included in Debtor's Motion is a request for ruling on two of Debtor's pretrial motions: Debtor's Motion to Strike or Disregard Movants' Memorandum(s)/Brief in Support of Motion for Order Granting Relief from the Automatic Stay and/or Motion to Dismiss (doc. 86); and Debtor/Trustee's Motion in Limine (doc. 77). These matters are addressed by separate orders.

---

[10] The right to jury trial in bankruptcy proceedings, other than personal injury and wrongful death claims, is determined under the Seventh Amendment. That amendment preserves the right to jury trial in suits at common law, meaning suits involving legal rights as opposed to those based on equitable rights or seeking only equitable remedies. 1 William L. Norton Jr. & William L. Norton III, *Norton Bankruptcy Law & Practice 3d* § 4:128, at 4-453 (Thomson Reuters/West 2014). Relief from stay and dismissal of a bankruptcy are equitable remedies.

**E. Lack of Good Faith when filing a case is a recognized ground for dismissal.**

Debtor's Motion to reconsider contends that lack of good faith is not a basis for dismissal of a case because it is not expressly stated in the Code. The legal authorities recognizing that lack of good faith may be grounds for dismissal of a chapter 11 case are discussed in the Court's Memorandum.[11] The fact that the Code does not expressly list lack of good faith as a cause for dismissal does not provide a basis for reconsideration.

**F. The 1986 Note.**

Debtor's Motion relies in part upon his contention that the lien securing the 1986 Note is superior to the interest of Sun West in the Property. The priority of liens was considered by and determined by the state court adversely to Debtor, and this Court lacks jurisdiction to reconsider the matter. Further, Debtor's contention that Nevada law controls elements of this determination is suspect, since it is based upon a post-petition transfer of the 1986 Note by Debtor to a Nevada corporation without compliance with the requirements of § 363(b) and Bankruptcy Rule 6004. Such transfers made without notice have been held void.[12]

**CONCLUSION.**

For the foregoing reasons, Debtor's motion for reconsideration is denied.

---

[11] Doc. 90, 16-18.

[12] *Cedar Tide Corp. v. Chandler's Cove Inn (In re Cedar Tide Corp.),* 859 F. 2d 1127, 1133 (2nd Cir. 1988); *Roadrunner Freight Sys., Inc. v. Am. Freight Sys., Inc.* (*In re Am. Freight Sys., Inc.*), 126 B.R. 800, 803-05 (D. Kan. 1991); *In re Donohue*, 410 B.R. 311, 316 (Bankr. D. Kan. 2009).

**IT IS SO ORDERED.**

###