**SO ORDERED.**

**SIGNED this 23rd day of July, 2014.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

_____

Designated for on-line use but not print publication
**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

In re:

STUART AULD,

DEBTOR.

CASE NO. 14-20424
CHAPTER 11

**MEMORANDUM OPINION AND ORDER
DENYING DEBTOR'S MOTION IN LIMINE AS MOOT**

Debtor filed the Debtor/Trustee's Motion in Limine (Motion) [1] on May 28, 2014, one day before trial on the Movants' motion relief from stay and for dismissal. In the Motion, Debtor objects to "all documents contained in the trial book by Movants relating

_____

[1] Doc. 77.

to the James B. Nutter Note, Mortgage, Assignment and John W. Auld, Sr. 2007 Trust docs that have been tampered with." [2]

Before the commencement of trial, the Court ruled that the Motion in Limine would not be separately considered and Debtor's objections to evidence would be considered as they arose during the course of trial. Sun West exhibits 1 through 16 were admitted without objection. Debtor's objections to Auld, Sr. Trust's exhibits 2, 3, 4, 6, 7, 14, and 15 were overruled. The objections to these exhibits stated in the motion in limine are therefore moot.

Based upon Debtor's trial objection, the Auld, Sr. Trust was required to provide to the clerk the original of Trust exhibit 18, the John William Auld, Sr. Revocable Trust Agreement, to allow inspection by Debtor. The original was filed with the clerk. Debtor at the hearing on July 18, 2014, inspected the original and acknowledged that the copy of the trust agreement offered at trial as Trust exhibit 18 is identical to the original. Debtor nevertheless continued to contend that the original had been "tampered with." He argued that the fact that those portions of the trust document enumerating the trustee's powers are single spaced, whereas the remainder of the document is doubled spaced, evidences that matters had been inserted into the trust agreement after its execution. Also, in Debtor's opinion the fact that each page of the trust agreement was not initialed by the grantor evidenced tampering. Additionally the Debtor asserted that the fact that the blue backing

---

[2] Doc. 77, 1.

on the document contained several sets of staple holes was proof that the document had been altered.

The Court rejected these arguments as support for Debtor's tampering theory. Based upon knowledge acquired during 32 years of practice of law, the Court took judicial notice of the fact that the powers granted by a trust are lengthy and are often formatted in single spaced type, even when the remainder of a trust document is double spaced. The Court also took judicial notice of the fact that although each page of a will is frequently initialed by a testator, usually each page of a trust is not similarly initialed. The Court also took judicial notice that it is common practice when copying a document that has blue backing to remove the blue back prior to copying it and then replacing the blue back after the document has been copied, thus creating more than one set of staple holes in the blue back.

The Court rejected Debtor's request that the Auld, Sr. Trust should be required to produce electronic records of the creation of the various versions of the trust agreement so he could be certain that the document was not tampered with. The Court noted that Debtor has not produced any evidence, other than testimony of his unfounded opinions, to even suggest that such tampering may have occurred. Absent such evidence, discovery of electronic records of non-final versions of the trust agreement will not be allowed, whether based upon the request made at the July 18, 2014 hearing, a rule 2004 examination, or a motion to compel filed by the Debtor.

The motion in limine is therefore denied as moot, and all objections to Trust exhibit 18 are overruled.

**IT IS SO ORDERED.**

###